ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| APEX BANK,<br><br>Recurrida,<br><br>v.<br><br>GILBERTO VÁZQUEZ GARCÍA, IRIS MARGARITA COLLAZO VÁZQUEZ y la sociedad legal de bienes gananciales compuesta por ambos,<br><br>Peticionaria. | KLCE202400482 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama.<br><br>Civil núm.: GM2022CV00277.<br><br>Sobre: ejecución de hipoteca; cobro de dinero. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2024.

Comparece la parte peticionaria, Gilberto Vázquez García, Iris Margarita Collazo Vázquez y la sociedad legal de bienes gananciales compuesta por ambos, y nos solicita que revoquemos la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 23 de enero de 2024. Mediante la misma, el foro primario declaró sin lugar la solicitud de sentencia sumaria parcial presentada por la parte peticionaria.

Examinada la petición, sus anejos, así como la oposición de la parte recurrida, este Tribunal **deniega** la expedición del auto[1].

I

El 22 de abril de 2022, la parte recurrida Apex Bank incoó una demanda contra la parte peticionaria sobre ejecución de hipoteca por la vía ordinaria. En síntesis, alegó que la peticionaria había incumplido con las

---

[1] Cabe señalar que la parte peticionara trajo como parte de la discusión de su error un señalamiento sobre falta de jurisdicción. No obstante, este no forma parte de la *Resolución* recurrida. Aun más, surge que el referido planteamiento fue presentado al Tribunal de Primera Instancia el **22 de marzo de 2024**, mediante moción de desestimación. Sin embargo, al momento, el foro primario no ha atendido la misma. Por tanto, no es objeto de revisión en el presente recurso. *Véase*, apéndice del recurso, a las págs. 437-448.

Número identificador

RES2024_____

cláusulas de la referida hipoteca[2]. Tras las incidencias procesales de rigor, el 14 de mayo de 2022, la parte peticionaria presentó su contestación a la referida demanda e instó una reconvención[3].

Más adelante, el 11 de diciembre de 2023, la parte peticionara presentó la solicitud de sentencia sumaria parcial objeto de controversia[4]. Junto con su moción, adjuntó, entre otros documentos, evidencia de los pagos dirigidos presuntamente al saldo de la hipoteca.

Por su parte, el 16 de enero de 2024, la parte recurrida presentó su oposición a la sentencia sumaria parcial[5]. En síntesis, alegó que, si bien la peticionaria había realizado ciertos pagos, algunos de ellos no habían sido hechos por la cantidad correcta, lo cual generó atrasos en los pagos requeridos.

El 23 de enero de 2024, el foro primario emitió su *Resolución*[6]. En ella, expuso las determinaciones de hechos que no estaban en controversia. Sin embargo, declaró sin lugar la solicitud de sentencia sumaria parcial presentada el 11 de diciembre de 2023, pues concluyó que aún persistían controversias en cuanto a los atrasos en los pagos y la deuda que presuntamente aún mantenía la parte peticionaria.

Inconforme con la determinación, el 29 de enero de 2024, la parte peticionaria presentó una moción de reconsideración[7]. No obstante, el 3 de abril de 2024, el Tribunal la declaró sin lugar[8].

Aún inconforme, el 2 de mayo de 2024, la parte peticionaria instó este recurso y formuló el siguiente señalamiento de error:

> Erró el Tribunal *a quo* al declarar No Ha Lugar la moción de sentencia sumaria parcial solicitada por la demandada y al no ordenar desestimar la demanda presentada en el caso de autos.

---

[2] *Véase,* apéndice del recurso, a las págs. 1-9.

[3] *Íd.*, a las págs. 23-40.

[4] *Íd.*, a las págs. 168-242.

[5] *Íd.*, a las págs.249-262.

[6] *Íd.*, a las págs.274-295.

[7] *Íd.*, a las págs. 299-306.

[8] *Íd.*, a la pág. 472.

Por su parte, el 16 de mayo de 2024, la parte recurrida presentó su oposición a la expedición del auto de *certiorari*.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad,

o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

La parte peticionaria aduce que el Tribunal de Primera Instancia erró al declarar sin lugar su solicitud de sentencia sumaria parcial. En síntesis, sus planteamientos se reducen a establecer que al oponerse a su solicitud de sentencia sumaria parcial la parte recurrida incumplió con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V. Ello, por no haber presentado una declaración jurada, ni prueba documental admisible con la cual pudiese acreditar sus alegaciones.

De otro lado, la parte recurrida señala que, en esta ocasión, no están presentes los criterios pertinentes para que este foro expida el recurso solicitado.

Cónsono con los principios antes expuestos, para determinar si debemos expedir el auto de *certiorari*, nos corresponde analizar el asunto que se nos plantea a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal de Apelaciones.

Realizado dicho análisis, no encontramos que, en su determinación, el foro primario haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o la parcialidad, que conlleve un fracaso de la justicia. Además, concluimos que el peticionario no demostró que, intervenir en esta etapa, evitaría un perjuicio sustancial.

IV

A la luz de lo antes expuesto, este Tribunal **deniega** la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones